[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A "Standard Tallow" hearing in response to motions to dismiss for lack of personal jurisdiction by defendants Glen Eagle Marketing, Inc. (Glen Eagle) (#105) and Lifestyle Change Communications, Inc. (Lifestyle) (#104) disclosed that Lifestyle, a Georgia corporation, as broker and agent for Glen Eagle, a New York corporation, ordered certain mailing lists by telephone/fax and a purchase order directed to the plaintiff, MTA Group of CT Page 10777 Wilton, mc, in Connecticut. Plaintiff performed the contract by mailing the lists from its office in Connecticut to Glen Eagle. The contract was "made" in this state and/or was "performed" here in Connecticut, and hence both defendants are "subject to suit in this state" by virtue of General Statutes § 33-1219 (f)(1).
The second part of the test for the exercise of long arm jurisdiction involves the due process clause of the Fourteenth Amendment. Thomason v. Chemical Bank, 234 Conn. 281, 295,661 A.2d 595 (1995). The plaintiff is obliged to show both that a non-resident defendant corporation has certain minimum contacts with this state and that the assertion of personal jurisdiction comports with the notion of fair play and substantial justice. The plaintiff has proved both of these concepts. The defendants could have reasonably anticipated being sued in this state as they made the contract here in this state by sending a purchase order to the plaintiff while knowing that the contract would be performed here by the plaintiffs action, mailing lists to the defendant Glen Eagle. The defendants corresponded with the plaintiff in this state by telephone calls and faxes. Thus, the defendants had contacts with this state sufficient to warrant jurisdiction by the Connecticut courts.
Moreover, as to the issue of whether it is fair for the defendants to be sued in this state, they are both corporations whose personnel can readily travel here to defend themselves. This state has an interest in adjudicating cases involving its domestic corporations which allege that they are owed money as a result of a breach of contract. The states of Georgia and New York have no particular connection with this controversy. The plaintiffs witnesses and records are located in Connecticut. Thus, the exercise of personal jurisdiction over the defendants is both "reasonable and just." Thomason v. Chemical Bank, supra,234 Conn. 300.
The motions to dismiss filed by both defendants are denied.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of August, 1999.
William B. Lewis, Judge
CT Page 10778